IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV51-01-MU

FILED
ASHEVILLE, N.C.
MAR 13 2006
U.S. DISTRICT COURT
W. DIST. OF N. C.

MARK MANDZAK, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
SARGENT SANCEA, )
)
    Defendant. )
_____)

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed February 17, 2006.

In his Complaint Plaintiff, a federal pre-trial detainee,[1] alleges that on November 20, 2005, he was locked down in his cell for blocking the vent in his cell. Plaintiff further alleges that when he later accidentally broke a cup, Defendant Sancea verbally demeaned him. Plaintiff alleges he was then left in his jumpsuit but without a blanket from Sunday evening to Tuesday morning. Finally, Plaintiff states that his cell assignment was moved several times with the most recent assignment being a detention cell where he is not allowed to socialize and is allowed only one hour of solitary free time a day. Plaintiff alleges that Defendants Hammond and Matayabas, did not properly

---

[1] Confinement conditions of pretrial detainees are to be evaluated under Due Process Clause, rather than under Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, typically the contours of the Due Process Clause in this context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See e.g., Riley v. Dorton, 115 F.3d 1159 1166-67 (4th Cir. 1997)(excessive force claim); Hill v. Nicodermus, 979 F.2d 987, 991-92 (4th Cir. 1992)(medical needs). The limited length of a detainee's stay in facility may be considered in determining constitutionality of conditions or restrictions. Bell, 441 U.S. at 542.

respond to his grievances on the matter of his housing. Among other things, Plaintiff seeks $ 50,000.00 dollars in damages and all charges against him dismissed.[2]

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. A review of the facts alleged by Plaintiff reveals that he simply does not allege facts sufficient to set forth a violation of any of his constitutional rights.

Being placed in lockdown for violating a prison regulation does not violate his rights. Likewise, verbal abuse, without more, does not violate a prisoner's constitutional rights. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir. 1990)(subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation). Nor does the lack of a blanket for less than two days constitute a violation. Finally, Plaintiff has no constitutional right to be housed in a particular cell or area of a prison facility. Indeed, confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Nor does Plaintiff's complaint about the grievance procedure state a claim. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995)(no constitutional right to participate in grievance proceedings).

Plaintiff has failed to allege any constitutional violations and the Court will dismiss Plaintiff's Complaint.

---

[2] The dismissal of pending charges is not a remedy available in the § 1983 context.

<mark>2</mark>

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

Signed: March 8, 2006

*[signature]*

Title of Signing Officer
United States District Court